## CROKER et al. v. CROKER et al.

(District Court, S. D. Florida. November 5, 1925.)

### No. 341.

Homestead ⬡133—Person who was mere conduit for conveyance of husband's homestead to him and his wife not necessary party to suit to avoid conveyances.

To suit by heirs to avoid as illegal, under Constitution of state, deeds by deceased and his wife of his homestead to E., and like deeds by E. to deceased's wife, or to deceased and his wife, E., who was a mere conduit for so vesting title, is not a necessary party.

In Equity. Suit by Howard Croker and others against Bula Croker and others. On motion to strike portions of answer. Motion granted.

See, also, 7 F.(2d) 218.

John T. G. Crawford and George C. Bedell, both of Jacksonville, Fla., and M. D. Carmichael, of West Palm Beach, Fla., for complainants.

Treadwell & Treadwell, of Arcadia, Fla., for defendant Bula Croker.

Fleming, Hamilton, Diver, Lichliter & Fleming, of Jacksonville, Fla., and C. D. Blackwell, of West Palm Beach, Fla., for defendants McDonald and Palm Beach Estates.

CALL, District Judge. In this cause the defendants Bula Croker, J. B. McDonald, and Palm Beach Estates, by their answers, raise the question that Alice Eccleston, the person charged in the bill of complaint to be the conduit of title of the homestead of Richard Croker, through whom it was attempted to vest title of said homestead in Bula Croker, the wife, and in Richard and Bula Croker, in entireties, was not a party to the cause. It is settled beyond controversy that all parties having an interest in, or whose rights will be affected by, the decree in the cause, must be made parties.

The question, therefore, for decision, is:

Has Alice Eccleston an interest in, or will her rights be affected by, the decree to be rendered herein? The theory of the bill of complaint is that the Crokers conveyed the properties by warranty deeds to Alice Eccleston without consideration, for the purpose of vesting the title to a portion of the homestead property in Mrs. Bula Croker, and the title to the other portion in Mr. and Mrs. Croker, in entireties, and that this was done by the deeds of Alice Eccleston to the parties. In this view, it seems to me that Alice Eccleston has no interest in, nor can her rights be affected by, any decree to be rendered in this cause.

It is contended that the conveyances executed by Alice Eccleston are warranty deeds, and as such warrantor of the title she is a necessary party. In the ordinary case, where the warrantor is liable on his warranty such is the case; but in the present case there is no liability on the warranty, and the reason of the rule ceases.

I do not find any charge of fraud against Alice Eccleston. If the facts charged in the bill are sustained by proofs, the illegality of the transaction results from the provisions of the Constitution of the state of Florida, and not from any fraud practiced upon the rights of the heirs of Richard Croker in the homestead.

I am of opinion that the motion to strike the portions of the answers raising the question should be granted, and those portions of the answers stricken. It will be so ordered.